IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **FARE TECHNOLOGIES LLC,**<br>*Plaintiff,*<br><br>v.<br><br>**LYFT, INC.,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-22-CV-00315-ADA-DTG |

REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Lyft, Inc.'s Motion to Dismiss First Amended Complaint Under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6) (ECF No. 22). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Defendant's Motion be **GRANTED**.

I.   FACTUAL BACKGROUND

Plaintiff Fare Technologies, LLC sued Defendant Lyft, Inc. for infringement of U.S. Patent No. RE46,727 entitled "Taxi Trip Meter System With Indication Of Fare And Distance Violations." Plaintiff asserts that venue is proper in the Western District of Texas because

1

Defendant has committed acts of infringement here and has a regular and established place of business in this District. ECF No. 17. Defendant filed a 12(b)(3) and 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 22.

## II.   LEGAL STANDARD

### A.  12(b)(3) Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). It provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A claim for patent infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

The courts have provided additional guidance about how to apply § 1400(b). Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must

2

be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017). Regarding the first requirement, a "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at 1362 (citations omitted). Regarding the second requirement, "regular" means that the business must operate in a "'steady, uniform, orderly, and methodical' manner," and "sporadic activity cannot create venue." *Id.* (citations omitted). And the third requirement means that the place cannot be solely a place of the defendant's employee—"the defendant must establish or ratify the place of business." *Id.* at 1363.

When the defendant challenges venue in a patent case, the Plaintiff bears the burden of establishing proper venue. Plaintiff may carry its burden by establishing facts that, if taken to be true, establish proper venue. *See Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id.* (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (*per curiam*)). Furthermore, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco, Inc. v. Bossclib, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009); *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). Failure to satisfy any statutory requirement requires a finding of improper venue.

The issue raised by Defendant's 12(b)(3) motion concerns a discrete part of § 1400(b). Neither party contends that Defenant is incorporated in Texas. Similarly, neither party contends that Defendant does not have a regular and established place of business in this district. The problem as identified by Defendant, however, concerns whether Plaintiff has properly alleged that Defendant has committed acts of infringement in this district. Defendant's Motion contends

that venue is improper because Plaintiff has failed to plead facts showing that Defendant "has committed acts of infringement" in this district as required under § 1400(b).

### B. 12(b)(6) Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

The Court has determined that the most expedient to first address Defendant's venue allegations. The parties' positions are fully laid out in their respective briefs. ECF No. 22; ECF No. 24; ECF No. 29. Plaintiff claims that Lyft has a regular and established place of business in this district and either "directly or through intermediaries" has committed acts of infringement in this district. ECF No. 17, ¶ 7. Defendant claims that the alleged acts of infringement could not

have occurred in this district, as Defendant has no server in this district that could comprise the "computer" of the system claims or perform the requisite steps of the method claims.

The Court finds that Plaintiff has failed to plead specific facts to support venue in this district. Plaintiff's Amended Complaint asserts infringement of at least one system claim and two method claims. *See* ECF No. 17 & 17-1 (charting infringement of claims 1, 7, and 12). While Plaintiff points to an alleged sever on which the Lyft Platform operates, Plaintiff failed to plead that Defendant has such a server in this district or performs the method steps in this district. Plaintiff has also failed to submit any evidence to rebut Defendant's assertion that it does not have a server in this district capable of performing the accused functionality. Defendant submitted a sworn declaration to this fact, and Plaintiff did not provide any evidence to the contrary. *Compare* ECF No. 13-7 ECF No. 24. Plaintiff instead focuses its Response on whether it plead that a server performs some of the accused functionality. However, Defendant does not dispute this—in fact, this allegation serves as the foundation of Defendant's argument that venue is not proper in this district. Plaintiff does not address the fundamental flaw in its venue allegations: the lack of an allegation that there is a server in this district that is capable of performing the accused functionality, thus meeting the "acts of infringement" prong of the venue statute. Without proof of a server in district that comprises part of the alleged system or performs the steps of the method, both of which Defendant has denied the existence of in a sworn statement, Plaintiff has failed to present evidence that venue is proper in this District.

In light of this finding, the Court determines that dismissal of Plaintiff's complaint is proper, and must determine whether Plaintiff should be given an opportunity to replead its venue allegations. While Defendant requests that the dismissal be without prejudice to replead, Plaintiff has specifically requested an opportunity to replead if its complaint if found deficient. ECF No.

24. The Court finds that in the interest of justice, Plaintiff should be given an opportunity to amend its complaint.

Because the Court finds Plaintiff has failed to allege venue facts demonstrating that venue is proper in this district, the Court does not reach Defendant's allegations that Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## IV. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss be **GRANTED** and Plaintiff be given leave to amend its complaint within 14 days of an order from the District Court adopting this Report and Recommendation.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate

review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 23rd day of January, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE