**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **FARE TECHNOLOGIES LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **W-22-CV-00315-ADA-DTG** |
| *v.* | § | |
| | § | |
| **LYFT, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER**

Before the Court is Defendant Lyft, Inc.'s Motion to Transfer Venue to the Northern District of California (ECF No. 25), Defendant's Affidavit in Support of Its Motion to Transfer Venue (ECF No. 26), Plaintiff Fare Technologies, LLC's Response to Defendant's Motion to Transfer Venue (ECF No. 30), Defendant's Reply in Support of Its Motion to Transfer Venue (ECF No. 39), Defendant's Affidavit in Support of Its Reply (ECF No. 40), and Defendant's Notice of Supplemental Authority (ECF No. 59). After careful consideration of the briefs and applicable law, the Court **GRANTS** Defendant's Motion to Transfer.

The Court finds that, in this specific case, the majority of the public and private interest factors related to a transfer under 28 U.S.C. § 1404(a) weigh in favor of transfer. Defendant presented evidence of specific relevant witnesses—party and non-party—and specific evidence located in or near the Northern District of California. Plaintiff responded by criticizing Defendant's evidence and noting generally that Defendant has employees in this District, but Plaintiff failed to identify any specific relevant employees or evidence in this District. As a result, no factors weigh against transfer, while the relative ease of access to sources of proof, availability of compulsory process, convenience for willing witnesses, and local interest factors all weigh in favor of transfer.

The Court finds that Defendant has met its burden to prove that the Northern District of California is clearly more convenient. It is hereby **ORDERED** that:

(1) Defendant's Motion to Transfer Venue (ECF No. 25) is **GRANTED**;

(2) All deadlines in this case are **VACATED**; and

(3) The case will be transferred 15 days from the date of this order if no objections to this order are filed with the district judge <u>or</u> an order from the district judge resolving any objections to this order under Fed. R. Civ. P. 72, whichever is earlier.

SIGNED this 31st day of July, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE